ROADWAY EXPRESS, INC., PLAINTIFF-APPELLANT, v. WILLIAM KINGSLEY, ACTING DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 19, 1962—Decided April 2, 1962.

*Mr. Nicholas Conover English* argued the cause for the appellant (*Messrs. McCarter & English,* attorneys; *Mr. Dwight Parsons* of the Ohio Bar, on the brief).

*Mr. Alan B. Handler,* Deputy Attorney General, argued the cause for the respondent (*Mr. David D. Furman,* Attorney General, attorney; *Mr. David A. Biederman,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

JACOBS, J.   The Law Division dismissed the plaintiff's complaint because of its failure to exhaust its administrative remedies.   The plaintiff appealed to the Appellate Division and while its appeal was pending there we certified it on our own motion.   See *R. R.* 1:10–1(*a*).

The plaintiff is a Delaware corporation engaged in business as a common carrier of goods for hire.   Its principal office is in Ohio and it holds a certificate of convenience and necessity issued by the Interstate Commerce Commission. It claims that all of its activities in New Jersey are pursuant to its operations as an interstate carrier, that all of the freight it carries moves exclusively in interstate commerce, that it does not engage in any hauls which both originate and terminate in New Jersey, and that it is not taxable in New Jersey under the Corporation Business Tax Act of 1945.   See *N. J. S. A.* 54:10A–1 *et seq.*   The defendant contends that although the plaintiff is a foreign corporation engaged in business as a common carrier of freight and has a business office in Ohio, it owns, leases and operates substantial properties, both real and personal, within New Jersey; that, among other things, these properties consist of large and substantial terminal and storage facilities and great numbers of motor vehicle trucks; that the plaintiff employs in New Jersey, supervisory and clerical employees and a great many truck drivers as well as other personnel engaged in operating and maintaining its facilities and motor vehicles; that it actively solicits customers in New

Jersey by means of salesmen and advertising and other promotional schemes; that it makes collections and receives reimbursement in New Jersey for services rendered in the State; that it maintains a bank account for accounts within New Jersey; that it purchases goods and items utilized by it for the purpose of maintaining, repairing and operating its facilities and motor vehicles; and that it is properly taxable under *N. J. S. A.* 54:10A–2 in that during the tax years in question (1949–1959) "it was doing business in New Jersey, and employing capital in New Jersey, and owning capital or property in New Jersey and maintaining an office in New Jersey."

The plaintiff refused to file tax returns under the act and in due course the defendant issued a certificate of tax lien under *N. J. S. A.* 54:10A–29 and estimated tax assessments against the plaintiff. The plaintiff did not file a protest with the defendant or seek a hearing before him (*cf. R. S.* 54:49–18) nor did it appeal to the Division of Tax Appeals as authorized by *N. J. S. A.* 54:10A–19.2. Instead it filed a Law Division complaint in lieu of prerogative writ and for declaratory judgment. In its first count, it sought a judgment directing the defendant to certify that there are no liens on the plaintiff's property for taxes due under *N. J. S. A.* 54:10A–1 *et seq.* and restraining the defendant from taking any proceedings to collect corporate franchise taxes due from the plaintiff and, in its second count, it sought a declaratory judgment that the statute is unconstitutional as applied to the plaintiff and that the plaintiff is not liable for the tax imposed for the year 1949 or any subsequent year. In his answer the defendant set forth various separate defenses asserting, *inter alia,* that the plaintiff "may not resort to the court without first having exhausted its administrative remedies by appeal to the Division of Tax Appeals." Thereafter the defendant submitted interrogatories which have been answered and supplemental interrogatories which have not thus far been answered. After the entry of a stipulation and a pretrial

order, the defendant moved for a judgment dismissing the complaint for failure to exhaust administrative remedies and the plaintiff moved for an order striking the defendant's separate defenses. Pursuant to an oral opinion, Judge Kingfield granted the defendant's motion, denied the plaintiff's motion, and entered the judgment of dismissal from which the plaintiff has appealed. We consider that the dismissal was entirely proper. See *Central R. R. Co. of N. J. v. Neeld,* 26 *N. J.* 172, 178 (1958), *cert.* denied 357 *U. S.* 928, 78 *S. Ct.* 1373, 2 *L. Ed. 2d* 1371 (1958).

In *Neeld* the plaintiffs sought to attack tax assessments by the Director as illegal and as constituting unconstitutional discrimination. They filed appeals to the Division of Tax Appeals and Law Division complaints in lieu of prerogative writs. We held that the complaints should be dismissed because of the failure of the plaintiffs to exhaust their administrative remedies. In the course of our opinion we pointed out that the plaintiffs had a wholly adequate administrative appeal to the Division of Tax Appeals; that under *R. R.* 4:88–14 they were obliged to exhaust their appeal before resorting to the courts unless they could show that the interests of justice required earlier judicial intervention; that no such showing had been made (see 26 *N. J.,* at *p.* 181); that the plaintiffs might well prevail before the Division in which event no further proceedings on their part would be necessary; and that in the event they did not prevail there they could then readily obtain suitable judicial review under *R. R.* 4:88–8. See 26 *N. J.,* at *p.* 183; *Werner Machine Co. v. Director of Division of Taxation,* 17 *N. J.* 121, 123 (1954), affirmed 350 *U. S.* 492, 76 *S. Ct.* 534, 100 *L. Ed.* 634 (1956).

The controlling considerations referred to in *Neeld* are fully applicable here. It is true that the complaint by Roadway Express contains a count seeking declaratory relief as well as the related count in lieu of prerogative writ, but the strong policy in favor of exhaustion of administrative remedies applies equally to both counts. There

is no claim that the statute is unconstitutional on its face (*cf. Schwartz v. Essex County Board of Taxation*, 129 *N. J. L.* 129, 132 (*Sup. Ct.* 1942), affirmed 130 *N. J. L.* 177 (*E. & A.* 1943)), although there is a claim that it imposes a franchise tax on the privilege of doing business and is unconstitutional as applied to the plaintiff, an interstate carrier. This will, in turn, call for careful examination of the true nature of the tax (compare *Railway Express Agency, Inc. v. Virginia*, 347 *U. S.* 359, 74 *S. Ct.* 558, 98 *L. Ed.* 757 (1954) with *Railway Express Agency, Inc. v. Virginia*, 358 *U. S.* 434, 79 *S. Ct.* 411, 3 *L. Ed.* 2d 450 (1959)) and the detailed facts relating to the properties and activities of the plaintiff within New Jersey. Under the circumstances, the taking of the necessary evidence and the making of the necessary factual findings and legal determinations, should be permitted to rest, in the first instance, with the administrative officials designated by the Legislature for that purpose.

The plaintiff relies on cases such as *Ward v. Keenan*, 3 *N. J.* 298 (1949) and *Nolan v. Fitzpatrick*, 9 *N. J.* 477 (1952), in support of its position that the administrative remedies should be by-passed here. The cited cases are readily distinguishable. In *Ward,* the plaintiff, a police officer, was served with departmental charges preferred by the chief of police. Before the date scheduled for departmental hearing, the plaintiff filed a complaint in lieu of prerogative writ and obtained a judgment from the Law Division directing that the charges be dismissed. On appeal, the Law Division's action was reversed upon a finding that the charges were legally sufficient on their face to call for departmental hearing and determination. Chief Justice Vanderbilt noted that under *Rule* 3:81–14 (now *R. R.* 4:88–14) judicial review may be had before exhaustion of administrative remedies only in exceptional instances where the interests of justice so require and he indicated that the interests of justice may ordinarily so require where the agency's jurisdiction to proceed with the hearing is

questioned "on persuasive grounds" or the charges before the agency are "so palpably defective" that its jurisdiction is merely colorable. See 3 *N. J.*, at *p.* 308.

In *Nolan,* the Boulevard Commissioners brought an action in lieu of prerogative writ to compel the Board of Chosen Freeholders to raise the amount requisitioned by the Commissioners pursuant to *R. S.* 27:17–7. The Law Division dismissed the action because the plaintiffs had not exhausted their administrative remedies. This was reversed with direction that final judgment be entered for the plaintiffs. Chief Justice Vanderbilt expressed the view that the question was "solely one of law" and that the interests of justice required that it then be disposed of though the administrative remedies had not been exhausted. See 9 *N. J.*, at *pp.* 486–487. Roadway Express, by labeling or describing the issue it raises here as a question of law, seeks to bring its case within the holding in *Nolan. Cf. Wilbert v. DeCamp,* 72 *N. J. Super.* 60, 68 (*App. Div.* 1962); *Barber v. Bd. of School Estimate of Elizabeth,* 71 *N. J. Super.* 556, 561 (*Law Div.* 1962). However, we are not particularly concerned with the label or description placed on the issue but are concerned with underlying considerations such as the relative delay and expense, the necessity for taking evidence and making factual determinations thereon, the nature of the agency and the extent of judgment, discretion and expertise involved, and such other pertinent factors (*cf.* 3 *Davis, Administrative Law* § 20.03 (1958)) as may fairly serve to aid in determining whether, on balance, the interests of justice dictate the extraordinary course of by-passing the administrative remedies made available by the Legislature. Unlike the situation in *Nolan* and *Ward,* the determination of the plaintiff's so-called legal or constitutional issue must be preceded by the taking of evidence and the making of factual determinations thereon. We see no just reason why this should not be done before the duly designated administrative officials who are specially equipped to inquire, in the first instance, into the facts,

the true nature of the tax, and the legal and constitutional applicability, on the facts as found, of the tax to the plaintiff. Nothing before us in anywise suggests that pursuit of the administrative remedies will entail any undue delay or expense or any irreparable harm to the plaintiff. *Cf. Central R. R. Co. of N. J. v. Neeld,* 26 *N. J.* 188 (1958).

The Law Division's action in dismissing the complaint because of the plaintiff's failure to exhaust its administrative remedies is sustained. However, in view of the broad terms and the spirit of the last paragraph of the stipulation entered into between the parties, the plaintiff's administrative remedies may readily be considered as having been fully preserved. The plaintiff may forthwith file a protest and request a hearing before the Director or prosecute an appeal to the Division of Tax Appeals and introduce evidence to establish its nontaxability under the act. If the ultimate determination by the administrative officials is adverse, the plaintiff may thereafter obtain judicial review under *R. R.* 4:88–8. Pending final adjudication with respect to the plaintiff's taxability, the Director may justly grant appropriate extension of time for the filing of returns and the payment of tax in accordance with the terms of *N. J. S. A.* 54:10A–19.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.