96 N.J. Super. 67 (1967)
232 A.2d 455
OTTO H. FRANK AND JOSEPH STRUM, EXECUTORS OF THE LAST WILL AND TESTAMENT OF EMILIE BRIEL BECK, DECEASED, PLAINTIFFS,
v.
MARIE BRIEL AND TRANSFER INHERITANCE TAX BUREAU OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 12, 1967.
*68 Mr. Leopold Frankel, attorney for plaintiffs.
Mr. Joseph A. Jansen, Deputy Attorney General, for defendant, Transfer Inheritance Tax Bureau of New Jersey (Mr. Arthur J. Sills, Attorney General, attorney).
Mr. Robert A. Renna, attorney for defendant, Marie Briel.
LORA, J.S.C.
This is an action to impress a lien on the real property of defendant Marie Briel for inheritance taxes paid by plaintiffs in the amount of $4,200. Marie Briel acquired title to a house and lot as surviving tenant of a joint tenancy. Plaintiffs, as executors of the deceased joint tenant, retained an appraiser who fixed the fair market value of said real estate at $28,000. Using this valuation and multiplying it by 15%, the executors arrived at the sum of $4,200, which was the tax paid on account of the interest which passed to Marie Briel. Plaintiffs seek reimbursement from her.
Defendant has filed a counterclaim seeking recovery of certain monies allegedly promised her for services rendered decedent and for monies advanced to decedent as loans for the payment of doctor, hospital and drug bills. Additionally, she seeks recovery for the proceeds of a certain mortgage *69 given in her and decedent's names joint which decedent allegedly promised to bequeath to her. The total amount sought by defendant is $59,300.
Plaintiff executors joined the Transfer Inheritance Tax Bureau as a defendant and seek to enjoin it from issuing a waiver. Additionally, by way of the present motion made pursuant to R.R. 4:15-1, they ask leave to file a supplemental pleading setting up a third cause of action against the Bureau for taxes erroneously paid in the amount of $8,895, which sum ostensibly represents 15% of the $59,300 counterclaim, on the ground that it would be inequitable for the Bureau to hold on to the taxes already paid through error or mistake if the counterclaim were to be allowed. The Transfer Inheritance Tax Bureau resists said motion on the ground that this court lacks jurisdiction due to the immunity of the State from suit and the failure of plaintiffs to exhaust their administrative remedies.
The Transfer Inheritance Tax Act is explicit on the matter of jurisdiction. N.J.S.A. 54:33-2 provides that the Appellate Division of the Superior Court has jurisdiction on appeal to hear and determine all questions in relation to the tax. Additionally, N.J.S.A. 54:34-13 provides a direct appeal to the Appellate Division by any interested person dissatisfied with an appraisement or assessment.
Plaintiffs cite N.J.S.A. 54:35-10 in support of their contention that this court has jurisdiction. That section, however, establishes the proper procedure to be followed where a claim arises subsequent to the date of an assessment and the payment of the tax and calls for an application for a revision of the assessment and a refund. Application for such refund must be made within three years from the date of such payment or "from the date of the final determination of a court of competent jurisdiction which establishes the fact that the decedent had no legal or equitable interest in the property on which the tax was assessed and erroneously paid, whichever is later." (Emphasis supplied). If the validity of the claim is denied by the Director, review of his action *70 is had by appeal, pursuant to R.R. 4:88-8(a), to the Appellate Division of the Superior Court. Hart v. Neeld, 21 N.J. 479, 481-482 (1956).
The real question presented for determination, however, is whether the Transfer Inheritance Tax Bureau can be joined as a defendant in the executors' suit for reimbursement. The court rejects as unfounded plaintiffs' contention that the doctrine of sovereign immunity is not applicable because the suit is nominally against the Bureau rather than the State. The doctrine of sovereign immunity is firmly established in our jurisprudence and "[i]t is applicable not only to suits against the State itself but also to suits against State agencies." Taylor v. N.J. Highway Authority, 22 N.J. 454, 467 (1956).
While the court is mindful of the cases cited by plaintiffs which stand for the proposition that a suit against a public official will not, in certain instances, be considered a suit against the State itself, it deems them inapposite in the present matter. The instances referred to are limited to situations where the official has exceeded his constitutional or statutory authority or is proceeding pursuant to an unconstitutional statute. The gist of plaintiffs' complaint vis a vis the Bureau is the apprehension that in the event this court should determine that all or part of defendant's counterclaim of $59,300 is valid, plaintiffs will be left without judicial recourse. Such apprehension is unfounded.
The court notes parenthetically that N.J.S.A. 54:35-11 provides for refunds when debts against the estate are proven after legacies and distributive shares are paid. Plaintiffs may apply to the Bureau for a commensurate refund. In any event, judicial recourse is plainly available in the Appellate Division as to any and all disputes concerning the amount of tax paid.
The heart of the question presented for decision here is not the applicability vel non of the doctrine of sovereign immunity, but rather the doctrine of exhaustion of administrative remedies. I have considered the Prerogative Court *71 cases cited by plaintiffs, and more specifically In re Edmonston's Estate, 123 N.J. Eq. 34 (1938), but I nevertheless conclude that modern practice dictates that determinations concerning transfer inheritance taxes are properly made in the first instance by the Bureau, with appropriate appeal, if necessary, to the Appellate Division, which can then determine all issues of assessment and refund. Such procedure is consistent with, and indeed mandatory under, the statute and R.R. 4:88-8 (a).
It is not for this court to usurp a function clearly delegated by the Legislature to an administrative agency, especially where the ultimate injury to plaintiffs is as hypothetical as it is in this case. Central Railroad Co. of N.J. v. Neeld, 26 N.J. 172 (1958), certiorari denied 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1731 (1958), and Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 139-140 (1962), are completely dispositive of the present matter. The Neeld case, at pages 178 to 181, of 26 N.J., discusses fully the policy of exhaustion of administrative remedies, and any further discussion of this sound policy would be superfluous. The Roadway Express case, at pages 139 to 142 of 37 N.J., reaffirms the policy expressed in Neeld. There has been no showing here that the interests of justice require earlier judicial intervention, and plaintiffs' case in regard to the Bureau amounts to a bare allegation of possible future difficulties which may or may not arise.
The court therefore concludes that the Bureau may not be joined as a defendant. Accordingly, plaintiffs' motion to file a supplemental cause of action is denied and their complaint as to the Transfer Inheritance Tax Bureau dismissed without costs.