104 N.J. Super. 25 (1968)
248 A.2d 441
MUTUAL HOME DEALERS CORPORATION, A CORPORATION, PLAINTIFF,
v.
COMMISSIONER OF BANKING AND INSURANCE OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 4, 1968.
*27 Mr. W. Louis Bossle for plaintiff.
Mr. Arthur J. Sills, Attorney General of New Jersey, for defendant (Mr. E. Robert Levy, Deputy Attorney General, of counsel).
WICK, J.S.C.
An order to show cause issued why defendant Commissioner of Banking and Insurance of the State of New Jersey (hereinafter called "Commissioner") should not temporarily be restrained (R.R. 4:67-2) from proceeding against plaintiff Mutual Home Dealers Corporation (hereinafter "Mutual") in conducting an administrative hearing for the purpose of deciding whether Mutual's secondary mortgage license should be revoked. N.J.S.A. 17:11A-1 et seq. After the restraining order was signed on August 27, 1968 and a hearing date set, the Commissioner applied for an order to dissolve the restraints and to dismiss the complaint. The facts pertinent to this motion are set forth below.
On May 14, 1968, following an investigation of Mutual's lending practices, the Commissioner issued an order to show cause why the secondary mortgage license of Mutual (a licensee under the Secondary Mortgage Loan Act of 1965, N.J.S.A. 17:11A-1 et seq.) should not be suspended, revoked or not renewed. The order, issued pursuant to N.J.S.A. 17:11A-11, alleged that Mutual had violated various provisions of the Secondary Mortgage Loan Act and certain rules and regulations promulgated thereunder. It is not necessary for the purposes of this hearing to describe these charges in detail; suffice to say that they dealt with Mutual's alleged noncompliance with the act.
No administrative hearings have been held pursuant to the Commissioner's order for the reason that this court *28 issued ex parte temporary restraints on such proceedings. In its complaint regarding these restraints Mutual seeks a judgment declaring that (1) the Secondary Mortgage Loan Act is unconstitutional in certain respects, and (2) some of the grounds alleged by the Commissioner as a basis for revoking Mutual's license are ultra vires the statute. As incidental to the declaratory judgment, Mutual also seeks a restraint to prevent the administrative hearings until the questions of constitutionality and ultra vires acts are resolved.
In opposing Mutual's declaratory judgment-injunction suit, the Commissioner takes the position that the constitutional and other legal issues raised in Mutual's complaint are not substantial or meritorious and that the appropriate procedural remedy in this case is by means of an administrative hearing and, if dissatisfied thereafter, by judicial review to the Appellate Division of the Superior Court.
After reviewing the pleadings and other papers submitted by the parties and the relevant New Jersey law on this subject, I have concluded that the temporary restraints should be dissolved and Mutual's complaint should be dismissed for the reasons that the pleadings do not raise constitutional questions substantial or meritorious enough to warrant judicial interference with the administrative process at this juncture. Moreover, the evidence offered does not demonstrate sufficient irreparable harm so as to justify injunctive relief. Interstate Milk Handlers v. Hoffman, 34 N.J. Super. 356 (App. Div. 1955) certification denied 18 N.J. 496 (1955).
In order to invoke the inherent power of equity to grant injunctive relief a plaintiff must demonstrate that irreparable injury will result to his interests if the relief demanded is not granted, or that the remedy at law is inadequate. Light v. National Dyeing & Printing Co., 140 N.J. Eq. 506 (Ch. 1947). This principle of law was discussed in Interstate Milk Handlers v. Hoffman, supra, a case procedurally similar to the instant one. There plaintiff sought to *29 enjoin the Director of the Office of the Milk Industry from holding a hearing on an order to show cause why plaintiff dealers' licenses should not be suspended or revoked, and for a judgment declaring that the regulation of milk sales in question was invalid as in conflict with the paramount federal power over interstate commerce, and that certain administrative orders associated therewith, while generally valid, were unconstitutional when applied to these sales. The basis of the milk dealers' demand for injunction was to prevent the irreparable injury which would follow if the licenses were revoked. The relief was denied and on this question Judge (now Justice) Francis said:
"Moreover, from a practical standpoint the danger of irreparable harm resulting from an illegal order revoking the licenses is more imaginary than real. R.R. 4:88-12(a) permits application to the Appellate Division for a stay of any such order pending appeal therefrom under R.R. 4:88-8. In fact, `when necessary, temporary relief may be granted without notice for a period not exceeding 10 days by the Appellate Division or a single judge thereof.'"
In the present case the only irreparable harm alleged by Mutual is with regard to the possibility of the loss of its license under the Secondary Mortgage Act. On the basis of the Interstate Milk Dealers case there is not sufficient irreparable harm to grant equitable relief.
Mutual relies heavily on Abelson's Inc. v. New Jersey State Board of Optometrists, 5 N.J. 412 (1950), for the proposition that injunctive relief should be granted here. In Abelson's the provision declared unconstitutional provided that the administrative agency may revoke a license for optometry for "any conduct which, in the opinion of the board, is of a character likely to deceive or defraud the public * * *" (emphasis supplied). In allowing the injunction the court held that the subjective test of conduct meriting revocation was so vague, indefinite and uncertain as to render the provision void for want of due process (at p. 424). The instant case does not involve a subjective standard; it involves an *30 ambiguity with respect to computation of legal fees which may be interpreted one of two ways. More importantly, in this case unlike Abelson's, the administrative process had already begun to function pursuant to the Secondary Mortgage Act.
An additional consideration bearing on the question of the propriety of judicial restraints imposed upon administrative proceedings is that courts generally decline to grant relief of any kind where there is an adequate administrative remedy available. Interstate Milk Handlers v. Hoffman, supra.; Hoffman v. Garden State Farms, Inc., 76 N.J. Super. 189 (Ch. Div. 1962); Roadway Express, Inc. v. Kingsley, 37 N.J. 136 (1962); Matawan v. Monmouth County Tax Board, 51 N.J. 291 (1968); 3 Davis, Administrative Law Treatise, §§ 20.01 - 20.10. This rule of law, more commonly referred to as the doctrine of exhaustion of administrative remedies, is embodied in R.R. 4:88-14, which states:
"Except where it is manifest that the interests of justice require otherwise, proceedings under Rule 4:88 shall not be maintainable, so long as there is available * * * administrative review to an administrative agency or tribunal, which has not been exhausted."
Although, technically speaking, Mutual does not seek relief under R.R. 4:88-1 et seq., I feel that the policy and spirit underlying R.R. 4:88-14 (i.e., the harmonious relationship between the administrative agencies and the judiciary) should govern this case.
Accordingly, Mutual should exhaust its administrative remedies by appearing at the hearing before the Commissioner and raising its objections at that time, and by pursuing the appropriate judicial review therefrom if necessary R.R. 4:88-8. This is the proper recourse unless Mutual can clearly demonstrate that "the interests of justice require otherwise." Matawan v. Monmouth County Tax Board, supra, at p. 296.
*31 Mutual appears to take the position that the mere allegation of a constitutional issue or an issue solely of law requires that the doctrine of exhaustion of remedies not be applied. I cannot concur. In the recent Matawan case the Supreme Court quoted from its decision in Roadway Express, Inc. v. Kingsley, 37 N.J. 136 (1962):
"However, we are not particularly concerned with the label or description placed on the issue but are concerned with underlying considerations such as the relative delay and expense, the necessity for taking evidence and making factual determination thereon, the nature of the agency and the extent of judgment, discretion and expertise involved, and such other pertinent factors * * * as may fairly serve to aid in determining whether, on balance, the interests of justice dictate the extraordinary course of bypassing the administrative remedies made available by the Legislature." (51 N.J., at p. 297.)
Mutual has failed to demonstrate that it qualifies for judicial relief under this exception. I am satisfied that a majority of the issues raised by Mutual in its complaint will require the taking of evidence and the making of factual determinations thereon. This is the job which the statute directs the Commissioner to do. N.J.S.A. 17:11A-11. Moreover, there is nothing before me which in anywise suggests that the pursuit of administrative remedies will entail any undue delay or expense or any irreparable harm to the plaintiff. See Roadway Express, Inc. v. Kingsley, 37 N.J. 136 (1962).
With respect to the constitutional attacks on the act I should point out that the presumption of the constitutionality of statutes and the reluctance of the judiciary to pass on constitutional issues before it is necessary to do so give me additional reasons to dismiss this suit. Mutual contends that sections 29, 21 and 11 are unconstitutional. Assuming that the issues raised by Mutual contain a constitutional aspect in them, I do not feel that this aspect is of such a nature as to require judicial intervention at this juncture. For instance, Mutual contends that section 29, which precludes the enforcement of any secondary mortgage loans unless they are *32 made and negotiated in full compliance with the act, is unconstitutional because of both its vagueness and its confiscatory nature. However, in this case as in Crescent Investments Co. v. Commissioner of Banking and Insurance, 103 N.J. Super. 11 (Ch. Div. 1968), there is no justiciable issue between Mutual and the Commissioner concerning the enforceability of obligations negotiated under the act. In addition, the recent holding of Oxford Consumer Discount Co. of North Philadelphia v. Stefanelli, 102 N.J. Super. 549 (App. Div. 1968), upheld the constitutionality of section 29.
Mutual also attacks the language of section 11 as unconstitutional for vagueness and overbreadth. In the Crescent case cited above, this court upheld the constitutionality of section 11 against similar attacks; however, plaintiff now urges the Court to consider the void-for-vagueness doctrine  a doctrine recently advanced by the United States Supreme Court as a ground for enjoining administrative proceedings. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). I think it is sufficient to point out that the doctrine referred to is applicable to federal injunctions of state criminal proceedings (prior to institution of state proceedings) where the prospective defendant or class of defendants will suffer a "chilling effect" on their First Amendment rights (i.e., free speech) as a result of prosecution under a state law which is void on its face or as applied to plaintiffs. This doctrine and the cases cited by Mutual are inapposite to the instant matter.
Finally, Mutual contends that section 21, particularly the phrase "the full amount of such loan," when read in conjunction with sections 22(a)(4) and 1(f), is so vague, uncertain and contradictory as to violate Mutual's right of due process of law.
Sections 21 and 22(a) (4) say in pertinent part:
N.J.S.A. 17:11A-21
"A licensee may make a secondary mortgage loan in such an amount that the net proceeds thereof shall equal a predetermined *33 sum, and may take interest in advance upon the full amount of such loan for the period from the making of the loan to the date of maturity of the final installment. The full amount of such loan shall not exceed the aggregate of the net proceeds and the amount of interest which may be taken in advance, as determined by the application of the formula,
 I = .14 A (P+1)
 _______________
 2N
in which `I' represents the amount of interest which may be taken in advance; `A' represents the amount of the predetermined net proceeds; `P' represents the number of payment periods contained in the period from the date of the making of the loan to and including the date of maturity of the final installment; and `N' represents, to the nearest whole number, the number of payment periods contained in a calendar year."
N.J.S.A. 17:11-22(a) (4):
"(a) The following is hereby fixed as the schedule of maximum amounts which may be charged to an applicant for a secondary mortgage loan for costs, fees, services, points and premiums which may be incurred by such applicant in connection with a secondary mortgage loan:

* * * * * * * *
4. Legal fees, including preparation of all documents  5% of the full amount of the mortgage loan, not to exceed the sum of $250.00."
The due process argument relied upon here is applicable to criminal and penal statutes, as distinguished from remedial statutes; and I believe that in the context of an administrative hearing to revoke the privileges of a licensee, the statute here under consideration may be characterized as penal. See HIMC Investment Co. v. Siciliano, 103 N.J. Super. 27 (Law Div. 1968). Furthermore, I agree that the language in sections 21 and 22(a) (4) does create an ambiguity as to the computation of legal fees and the total amount of the loan, i.e., whether legal fees are computed on that part of the loan which excludes interest or includes interest. However, I cannot say that this ambiguity is of such a nature so as to render the statute unconstitutional on its face as a violation of due process of law and to interfere with the administrative hearings by the Commissioner. *34 I feel that the Commissioner has the expertise and working knowledge of the statute to enable him to clarify this ambiguity, if necessary. In the meantime, Mutual is not left in a position of suffering irreparable harm from this decision not to enjoin the administrative agency inasmuch as Mutual has recourse to the Appellate Division in case of an adverse determination, and it may obtain a stay of the revocation of its license (the alleged irreparable harm) in such case. R.R. 4:88-12. Furthermore, I cannot agree with Mutual's contention that the Appellate Division cannot fully review the alleged constitutional and legal issues raised here in light of the public policy embodied in the statute. Yannuzzi v. United States Casualty Co., 19 N.J. 201 (1955).
For the reasons set forth above the temporary restraints should be dissolved and the complaint dismissed.