modification relief in the trial court pursuant to this opinion. We do not retain jurisdiction.

POLICEMEN'S BENEVOLENT ASSOCIATION, LOCAL NO. 145, PUBLIC EMPLOYEE REPRESENTATIVE, APPELLANT, v. PUBLIC EMPLOYMENT RELATIONS COMMISSION, TOWNSHIP OF EAST BRUNSWICK, TOWNSHIP COUNCIL OF EAST BRUNSWICK, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 23, 1982—Decided December 1, 1982.

 

Before Judges MATTHEWS, ANTELL and FRANCIS.

*Patrick J. Monahan, Jr.* argued the cause for appellant (*Shanley & Fisher,* attorneys).

*Thomas J. Savage* argued the cause for respondent township (*Dawn A. Serio* on the brief).

A statement in lieu of brief was submitted by *Don Horowitz,* Deputy General Counsel, Public Employment Relations Commission (*Sidney H. Lehmann,* General Counsel).

The opinion of the court was delivered by

MATTHEWS, P.J.A.D.

On March 24, 1982 appellant Policemen's Benevolent Association, Local No. 145 (PBA) made a formal demand for binding arbitration of Art. XXIII, § A, of the collective bargaining agreement between the PBA and respondent township. An arbitration hearing was eventually scheduled for July 6, 1982.

On July 1, 1982 labor counsel for the township appeared before a hearing examiner of the Public Employment Relations Commission seeking to restrain the arbitration on the ground that the subject matter of Art. XXIII, § A, of the collective bargaining agreement was outside the scope of negotiability of public employee contracts because it related to transfer from one pension system to another. A hearing was held that same day before a PERC hearing examiner, who found the matter nonnegotiable and entered an order restraining the scheduled arbitration and transferring the matter directly to the Commission for final disposition.

The Commission considered the matter at its meeting of October 7, 1982. The vote of the Commission was a 3–3 tie, one member being absent, thus affirming the decision of the hearing examiner and leaving the stay of arbitration in force.

PBA requested that a special meeting of the Commission be scheduled to consider the matter before the full Commission. The request was refused and this appeal followed. We expedited the proceedings and have heard the argument of counsel.

The issue before us is whether the PBA has the right to enforce an article in the collective bargaining agreement currently existing between the PBA and the township which provides:

ARTICLE XXIII *Section A.*

The Township of East Brunswick will seek to obtain membership for the employees covered by this agreement in the Police and Fire Pension Plan and terminate the present pension plan during the term of this Agreement, if not by an act of the New Jersey Legislature, then by binding referendum of the Public.

We are informed that the inclusion of Art. XXIII, § A, in the final collective bargaining agreement was the culmination of the PBA's efforts to effect a transfer from the Public Employees' Retirement System (PERS) to the Police and Firemen's Retirement System (PFRS). Throughout its negotiations with the township the PBA had constantly sought the township's agreement to such a transfer because the benefits under PFRS are far superior to those under PERS. We are also informed that the PBA was successful in obtaining the township's agreement to the transfer only by giving up several other PBA demands, such as increased longevity pay, shift differentials, limiting the term of the collective bargaining agreement to only one year, obtaining a PBA office at the police headquarters, and other items.

After the agreement had been executed pursuant to a resolution of the township council, the township administrator contacted then-Assemblyman James Bornheimer and requested that he sponsor legislation to enable the transfer of members of the PBA from PERS to PFRS to be effected by local ordinance. Bornheimer, joined by several other assemblymen, complied with that request and introduced Assembly Bill 3502. That bill then passed both houses of the Legislature, was signed by the Governor and became *L.*1981, c. 404. That law provides:

1. Notwithstanding the provisions to the contrary of any law, the governing body of any municipality which has a population of at least 20,000 and not more than 40,000 according to the latest Federal decennial census, and which has adopted the mayor-council Plan E of the "Optional Municipal Charter Law" (P.L.1950, c. 210; C. 40:69A-1 et seq.), may by ordinance adopt the act to which this act is a supplement. If the governing body enacts such an ordinance, the

act to which this act is a supplement (P.L.1945, c. 255; C. 43:16A–1 et seq.) shall take effect in the municipality on January 1 following the date of that enactment. Upon the enactment of such an ordinance, the clerk of the municipality shall immediately notify the board of trustees of the Police and Firemen's Retirement System of New Jersey of the enactment.

2. This act shall take effect immediately and shall expire on December 31, 1982.

Shortly after the adoption of chapter 404 the PBA requested the township to take steps to comply with its responsibility under Art. XXIII, § A. The township then advised that labor counsel had given the opinion that compliance with Article XXIII, § A, was barred by both statutory and case law.

On March 5, 1982 the PBA filed a grievance, and on March 24, 1982 made a formal demand for arbitration. Those proceedings before PERC terminated in the manner set out at the beginning of this opinion.

The Statement of Dispute submitted to PERC stated:

On March 24, 1982 petitioner, the Township of East Brunswick, entered into a collective bargaining agreement with the respondent, Policemen's Benevolent Association Local No. 145, covering the period January 1, 1981 through December 31, 1983. Article XXIII of said agreement provides:

*Section A.* The Township of East Brunswick will seek to obtain membership for the employees covered by this agreement in the Police and Fire Pension Plan and terminate the present pension plan during the term of this agreement, if not by an act of the New Jersey Legislature, then by binding referendum of the Public.

Assembly Bill No. 3502 was enacted into law as Chapter 404, Public Laws 1982. East Brunswick was granted the statutory right to transfer its policemen from PERS to the Police and Firemen's Pension Fund. As of this date, the Township has not enacted the ordinance necessary to transfer the employees. It has been the position of East Brunswick that the union cannot compel the transfer since the subject of pensions falls outside the scope of collective negotiations.

On March 5, 1982 the union presented a formal grievance to the Township alleging a violation of Article XXIII, Section A. On March 24, 1982 the union notified the Township that it was instituting arbitration proceedings in accordance with the fourth step of their grievance procedure. The arbitration of this grievance is scheduled for July 6, 1982.

Since this dispute has arisen with respect to the negotiability of a matter sought to be enforced pursuant to a collectively negotiated grievance/arbitration procedure, the employer requests that the Commission make a determination whether the subject of pension falls within the scope of collective negotiations. N.J.A.C. 19:13–22(a)4(ii). Petitioner also applies to the Chairman of the Com-

mission for an Order requesting the respondent to show cause why temporary restraints should not issue against the arbitration proceeding of July 6, 1982.

It should be noted that the central issue in this case, the negotiability of Art. XXIII, § A, depends solely upon the interpretation of *L.*1981, *c.* 404, and of *N.J.S.A.* 34:13A–8.1 and case law thereunder. Such interpretation is a matter "for which the courts are uniquely suited." *Matawan v. Monmouth Cty. Tax Bd.,* 51 *N.J.* 291, 297 (1968). This issue does not call for the exercise of administrative expertise and should be determined by the court. *See, e.g., Registrar & Transfer Co. v. Taxation Div. Director,* 166 *N.J.Super.* 75, 78–79 (App.Div.1979), certif. den. 81 *N.J.* 63 (1979).

The PERC hearing examiner restrained arbitration because he found that Art. XXIII, § A, is invalid and unenforceable on the ground that the entire subject of pensions has been rendered nonnegotiable by *N.J.S.A.* 34:13A–8.1, as construed in *State v. State Supervisory Employees Ass'n,* 78 *N.J.* 54 (1978), and in *Fair Lawn Ed. Ass'n v. Fair Lawn Bd. of Ed.,* 79 *N.J.* 574, (1979). He also relied on *Jacobs v. N.J. State Highway Auth.,* 54 *N.J.* 393 (1969).

*N.J.S.A.* 34:13A–8.1 provides:

Nothing in this act shall be construed to annul or modify, or to preclude the continuation of any agreement during its current term heretofore entered into between any public employer and any employee organization, nor shall any provision hereof annul or modify any *pension* statute or statutes of this State. [Emphasis supplied]

The word "pension," as underlined above, was added to the statute by a 1974 amendment.

Both sides, in our judgment, fail to recognize the impact of *L.* 1981, *c.* 404, on the question before us. Thus, the PBA takes the position that the proposed transfer of employees and the negotiations which proceeded are not prohibited by either statute or case law. The township maintains that the case does not involve the validity of chapter 404, claiming that the power of the Legislature to authorize transfers of employees from one pension plan to another is not involved here.

The township persistently argues that whether a union may enforce a provision of a collective bargaining agreement depends upon the validity of the contract provision. *Fair Lawn Ed. Ass'n. v. Fair Lawn Bd. of Ed.*, 79 *N.J.* 574 (1979), and *State v. State Supervisory Employees Ass'n*, 78 *N.J.* 54 (1978), are cited in support of this proposition. It contends that *L.*1981, *c.* 404, does no more than grant authority to the municipality to transfer employees from one pension fund to another and that this is irrelevant to the negotiability of Art. XXIII, § A, of the contract for which enforcement by arbitration is sought. The validity of the statute is not questioned by the township in this proceeding.

The issue before this court is whether, under the three-step test outlined in *Ridgefield Park Ed. Ass'n v. Ridgefield Park Bd. of Ed.*, 78 *N.J.* 144 (1978), the transfer of public employees from one public pension system to another is a negotiable subject which may be included in a collective bargaining agreement and enforced by binding arbitration. In this case, at least, we believe that this argument puts the proverbial cart before the horse.

Contrary to the township's contention, the negotiability of the contents of Art. XXIII, § A, is irrelevant to the determination of this case because of the existence of chapter 404. Even if we assume that Art. XXIII, § A, was not the proper subject of negotiations (and we have grave doubt as to this assumption), the Legislature in enacting chapter 404 eliminated any bar or doubt as to its arbitrability. In effect, the Legislature by adopting chapter 404 has *pro tanto* amended *N.J.S.A.* 34:13A–8.1 to validate and implement the provisions of Art. XXIII, § A. It was not the parties who *negotiated* chapter 404, the Legislature *enacted* it.

The township quotes from Justice Pashman's opinion for the court in *State v. State Supervisory Employees Ass'n, supra.*

Our holding permitting negotiation concerning matters not covered by a specific statute does not apply to pension statutes. The Legislature has determined that the entire subject matter of public employee pensions is to be

insulated from negotiated agreement which would contravene or supplement its comprehensive regulation of that area. Public employees and employee representatives may neither negotiate nor agree upon any proposal which would affect the sacrosanct subject of employee pensions. [78 *N.J.* at 83]

■ This language is not, as the township asserts, dispositive here. The court did not intend (nor could it intend) to curtail the power of the Legislature to amend or annul pension statutes it has enacted. In this case the Legislature has permitted the transfer of employees from PERS to PFRS and permits that transfer to be accomplished by the adoption of an enabling ordinance by the township. Whether this procedure was the proper subject of negotiations is now irrelevant because, as we have noted, the Legislature has condoned the procedure by chapter 404.

■ The township also raises the question as to whether the proposed transfer from PERS to PFRS would substantially affect the actuarial assumptions of PERS, thus rendering the transfer impermissible. The argument based largely on the holding in *Fair Lawn Ed. Ass'n v. Fair Lawn Bd. of Ed.,* 79 *N.J.* 574 (1979), is completely inapposite here. The PBA has included in its appendix the annual report of PERS which on its face refutes any assumption that the departure of 80 employees would have any noticeable effect on the actuarial assumptions under which PERS functions.

In addition, PBA has included correspondence with the State Division of Pensions which indicate that the transfer of eligible employees from PERS to PFRS is not uncommon. Indeed, fixed procedures have been established for such transfers. The issue of fiscal soundness we find to be a nonissue.

At oral argument we inquired as to the fiscal impact of the transfer on the township. We were advised by counsel that the impact had been anticipated and apparently was taken into account when Art. XXIII, § A, was agreed upon.

Since we were advised by counsel at oral argument that there are no other impediments to the enforcement of Art. XXIII,

§ A, and in light of the critical time constraints present, we see no need to remand this matter to PERC or for arbitration. Accordingly, we vacate the order appealed from and order that the township take immediate steps to adopt an ordinance implementing the provisions of Art. XXIII, § A, and *L.*1981, *c.* 404, such ordinance to be effective January 1, 1983 and to provide for the transfer of the personnel concerned from the Public Employees Retirement System to the Police and Firemen's Retirement System. No costs.