**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2470-22

IN RE APPLICATION OF
K.D.[1] FOR A PERMIT
TO CARRY A HANDGUN
PURSUANT TO N.J.S.A. 2C:58-4.

Submitted May 7, 2024 – Decided May 17, 2024

Before Judges Rose and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. GP-327-22.

Evan F. Nappen, Attorney at Law, PC, attorneys for appellant K.D. (Louis P. Nappen, on the briefs).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Robert John Lombardo, Assistant Prosecutor, on the brief).

PER CURIAM

K.D. withdrew his application for a handgun carry permit before the motion court. He now challenges the March 10, 2023 memorializing order and

---

[1] In view of our disposition, we use initials to protect K.D.'s privacy.

accompanying seventeen-page statement of reasons, declaring he would have

been ineligible for the permit had he not withdrawn his application. More

particularly, K.D. raises the following points for our consideration:

POINT 1

THE COURT BELOW HAD NO JURISDICTION TO
ISSUE PROSPECTIVE JUDGMENTS UPON A
WITHDRAWN APPLICATION, AND SUCH
ADVISORY OPINIONS REGARDING
PETITIONER'S QUALIFICATIONS SHOULD BE
STRUCK FROM THE RECORD.

POINT 2

THE COURT BELOW ERRED BY MAKING
FINDINGS WITHOUT A HEARING AND,
THEREFORE, SAID JUDGMENTS SHOULD BE
STRUCK FROM THE RECORD.

POINT 3

THE COURT BELOW ERRED BY FINDING THAT
PETITIONER INFORMED THE COURT OF HIS
"INTENT" TO WITHDRAW AFTER PETITIONER
HAD WITHDRAWN HIS APPLICATION AND,
ACCORDINGLY, THE COURT BELOW'S
UNFOUNDED, PROSPECTIVE JUDGMENTS
SHOULD BE STRUCK.

POINT 4

THE COURT BELOW'S SPECULATIVE
JUDGMENTS ARE NOTHING SHORT OF
CHARACTER ASSASSINATION ABSENT DUE

2

PROCESS AND SHOULD BE STRUCK FROM THE RECORD.

POINT 5

THE COURT BELOW'S ORDER AND STATEMENT DENIED PETITIONER DUE PROCESS.

POINT 6

PER BRUEN[2], [THE] GOVERNMENT MUST DEMONSTRATE THAT ISSUING PROSPECTIVE JUDGMENTS UPON WITHDRAWN APPLICATIONS IS CONSISTENT WITH THIS NATION'S HISTORICAL TRADITION OF FIREARM REGULATION.
(Not raised below)

POINT 7

IT IS RESPECTFULLY REQUESTED THAT THE COURT'S OPINION REFERENCE PETITIONER BY HIS INITIALS.
(Not raised below).

In reply to the State's mootness argument, K.D. raises the following contention, which we enumerate for ease of reference:

[POINT 8]

THE ISSUE OF THE TRIAL COURT WRONGFULLY FILING ADVISORY OPINION(S) IS NOT MOOT, AND [K.D.] IS PLAINLY PREJUDICED BY THE COURT BELOW'S FILING OF PROSPECTIVE JUDGMENT(S) UPON HIM.

---

[2] N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022).

Persuaded by the contentions raised in K.D.'s first point, we reverse and remand for entry of a revised order without a statement of reasons. Accordingly, we need not reach K.D.'s remaining arguments except, as noted, we use initials to identify K.D.

We need not belabor the facts; the procedural history summarized in the court's statement of reasons underscores the merits of K.D.'s contentions. Suffice it to say that in September 2022, K.D.'s application for a handgun carry permit was approved by the local police chief notwithstanding "flags" noted. Shortly thereafter, the chief forwarded K.D.'s application to the court.

Citing "several items of possible concern," in February 2023, the court noticed the parties of its intention to deny K.D.'s application. The court also ordered a Carlstrom[3] hearing. Originally scheduled for March 1, 2023, the hearing was adjourned to March 9.

In the interim, on March 3, the court provided discovery to the parties. Three days later, K.D.'s attorney sent correspondence to the court advising: "[K.D.] hereby withdraws his application for a New Jersey Permit to Carry a Handgun." Noting "an order [wa]s not required," counsel nonetheless enclosed a proposed order if the court "[w]as so inclined." The proposed order stated:

---

[3] In re Carlstrom, 240 N.J. 563 (2020).

IT IS on this      day of                  , 2023

ORDERED that the applicant hereby withdraws without prejudice his application for a New Jersey permit to carry a handgun.

The court, however, issued its own order, stating:

IT IS on this 10th day of March, 2023;

ORDERED, that while the Court finds that [K.D.] would be ineligible for a New Jersey Permit to Carry a Handgun, pursuant to N.J.S.A. 2C:58-3(c), [K.D.]'s request to withdraw his application is granted.

The accompanying statement of reasons elaborated on K.D.'s multiple police "encounters." In summary, the court found "[K.D.] does not have the character of temperament or appropriate judgment necessary to be entrusted to carry a firearm." Citing N.J.S.A. 2C:58-3(c)(5), the court concluded "issuance of a permit to [K.D.], 'would not be in the interest of the public health, safety or welfare.'" The court acknowledged it "may not have the authority to deny" the application, but found "[K.D.] does not meet the requirements for issuance of a permit to carry a handgun."

K.D. appealed. The motion court timely issued an amplification statement pursuant to Rule 2:5-1(b), essentially summarizing its statement of reasons.

Seminal principles guide our review. Our Supreme Court has long recognized "the understandable policy of the courts to refrain from rendering

5

advisory opinions, from deciding moot cases, or generally from functioning in the abstract, and 'to decide only concrete contested issues conclusively affecting adversary parties in interest.'" N.J. Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949) (quoting Edwin Borchard, Declaratory Judgments 34-35 (2d ed. 1941)); see also People for Open Gov't v. Roberts, 397 N.J. Super. 502, 509 (App. Div. 2008). "The prohibition on advisory opinions prevents courts, 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" In re N.J. Firemen's Ass'n Obligation, 230 N.J. 258, 275 (2017) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). "[A] proper exercise of judicial power precludes rendering 'advisory opinion or functioning in the abstract.'" People for Open Gov't, 397 N.J. Super. at 509 (quoting Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 107 (1971)).

"A justiciable controversy exists when 'one party definitively asserts legal rights and such rights are positively denied by the other party.'" O'Shea v. N.J. Schs. Constr. Corp., 388 N.J. Super. 312, 317 (App. Div. 2006) (quoting Registrar & Transfer Co. v. Dir., Div. of Tax'n, 157 N.J. Super. 532, 539 (Ch. Div. 1978), rev'd on other grounds, 166 N.J. Super. 75, 76 (App. Div. 1979)). "It is a controversy 'in which a claim of right is asserted against one who has an

6

interest in contesting it.'" Ibid. (quoting Black's Law Dictionary 777 (5th ed. 1979)). The controversy must be real, not hypothetical or abstract. Ibid.

We are persuaded by K.D.'s contention that the motion court impermissibly issued what was, in effect, an advisory opinion on the merits of his application after it was withdrawn. Three days before the plenary hearing, counsel advised the court that K.D.'s application was withdrawn. There was, therefore, no controversy for the court to resolve. Although the matter might be of some public interest, Reilly v. AAA Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 484 (2008), it is not one that is likely to evade review, Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996), and is, moreover, the type of issue that should be addressed in the context of a specific factual setting, Oxfeld v. N.J. State Bd. of Educ., 68 N.J. 301, 303-04 (1975).

Reversed and remanded for issuance of an order stating K.D. withdrew his handgun carry permit application without a statement of reasons. Jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2470-22