LASSER, P.J.T.C.
This opinion addresses preliminary motions by plaintiffs and defendants. In this action, plaintiffs contest the constitutionality of that portion of the Motor Fuels Use Tax Act which provides for a motor fuels use identification marker (hereafter referred to as “decal”) fee, N.J.S.A. 54:39A-10, and particularly the amendment effective July 10, 1984 which increased the fee from $6 to $25.[1] Plaintiffs contend that the act unconstitutionally discriminates against out-of-state truck owners and favors New Jersey truck owners. The complaint is brought as a class action seeking declaratory, injunctive and other appropriate *184 relief. No temporary injunctive relief was sought, pursuant to an agreement between the parties.
There are two principal issues in this case: (1) the constitutionality of the statute, and (2) the procedure to be followed by plaintiffs to obtain a refund of fees paid under the statute if plaintiffs prevail on the constitutional issue. In addition to the American Trucking Association, plaintiffs include corporate and individual out-of-state truck owners (the individual truck owners are to be added by an amendment to the complaint permitted by the court). The court has certified plaintiffs as representatives for the class of out-of-state truckers who are required to pay decal fees, and in this opinion, the court deals with plaintiffs’ motion to create an escrow fund for retention of decal fee payments, to enable class members to obtain refunds in the event that they prevail. Also before the court is defendants' motion to dismiss that portion of plaintiffs’ complaint which seeks refund of the fees paid on the ground that no refund claims have been filed. These motions both deal with the second question, plaintiffs’ entitlement to refunds if the statute is found to be unconstitutional. This issue might be deferred until the question of constitutionality has been determined but for the fact that the time it takes to obtain a final determination on the constitutional issue by a court of last resort could cause plaintiffs and the members of the class to lose their rights to refunds of fees paid while awaiting the final determination.
Defendants concede, and plaintiffs agree, that the amounts paid under this statute, although called fees, are actually taxes because the amounts paid have no relation to the cost of administration or regulation and, in defendants’ words, are “plainly a revenue-raising measure.” Defendants contend that fees paid may not be refunded to plaintiffs unless they have complied with the refund section of the Motor Fuels Use Tax Act, N.J.S.A. 54:39A-19, by filing claims for refund. Defendants contend that the only way each trucker can obtain a tax refund, if the statute is held to be unconstitutional, is if each *185 trucker files an individual claim for refund within two years of the payment of the tax.
The increased tax began to be collected in July 1984 with respect to vehicles registered for the first time after July 10, 1984 and on April 1, 1985 as to prior registered vehicles. Plaintiffs allege that the class of out-of-state truckers which they represent numbers approximately 25,000. If defendants’ interpretation of the refund statute is correct, 25,000[2] out-of-state truckers will have to file claims for refund, and since a claim for refund covers only a two-year period, if the appeal process is resorted to in this case, they may have to file a second set of claims for refund. Each of these claims will then have to be acted upon by the Director of the Division of Motor Vehicles and, presumably, during the pendency of the litigation, each one of these claims for refund will have to be denied. That denial will have to be contested by each claimant filing a complaint with the Tax Court within 90 days of the denial by the Director in order to preserve individual refund rights, with a consequent multiplicity of suits.
It is estimated that for the first full year in which the $25 fee will be in effect, revenues of approximately $13,000,000 will be produced, of which $10,000,000 is attributable to the $19 fee increase. Although the total amount is large, the individual claims are small, and it is in part for this reason that a class action was certified. Decal fee-payers’ rights to refunds could be protected if the court were to grant plaintiffs’ motion for the creation of an escrow fund in which future tax payments would be held. This would provide a fund for repayment if the statute were held to be unconstitutional. However, an escrow fund has adverse consequences to the State, first, due to the loss of use of the money during the pendency of the action and, second, because of the effect that creation of the escrow fund might have on the credit of the State. An escrow fund is an *186 unusual remedy which should not be resorted to if the fee-payers’ right to tax refunds can be protected by other means.
The State Tax Uniform Procedure Law contains a general claim for refund provision in N.J.S-.A. 54:49-14, which states:
Any taxpayer, at any time within two years after the payment of an original or additional tax assessed against him, unless a shorter limit is fixed by the law imposing the tax, may file with the commissioner a claim under oath for refund, in such form as the commissioner may prescribe, stating the grounds therefor, but no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the commissioner or after proceedings on appeal have been commenced as provided in this subtitle, until such protest or appeal has been finally determined.
The Motor Fuels Use Tax Act contains its own claim for refund section (N.J.S.A. 54:39A-19) which states in part:
[a] user, at any time within 2 years after payment of a tax, may file with the director a claim under oath for refund, in such form as the director may prescribe, stating the grounds therefor, but no claim for refund shall be permitted to be filed after proceedings on appeal have been commenced as provided in section 17 of the act.
Section 17 provides that:
any aggrieved user may, within 90 days after any decision, order, finding, assessment or action of the Director made pursuant to the provisions of this act, appeal therefrom to the Tax Court in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1, et seq.
Defendants contend that the prohibition against filing a claim for refund in section 19 does not apply to the subject case because this is an action for declaratory judgment, not an appeal from a decision, order, finding, assessment or action of the Director made pursuant to the provisions of this act.[3] Defendants contend that plaintiffs are seeking a declaratory judgment that the act is unconstitutional, not review of an action of the Director, and it is for this reason that the defendants move to dismiss that portion of the complaint that seeks refunds, because no claims for refund have been filed.
*187 If the “refund of taxes” portion of the complaint is dismissed, then each fee-payer will have to file an individual claim for refund and complaint to the Tax Court separate from this class action to protect his right to a refund. Plaintiffs argue that no refund claim is necessary, or if it is necessary, the refund portion of the complaint should not be dismissed, but that the court should regard a refund claim as having been filed and denied by the Director. One solution to this procedural dilemma would be to order that all future fees be paid to an escrow fund until the constitutionality of the statute has been adjudicated. A less cumbersome solution would be to permit plaintiffs to file a claim for refund on behalf of the class, for the purpose of satisfying the two-year limitations period for refunds, and in the event that the statute is determined to be unconstitutional, a further order of the court would provide the mechanics for the establishment of the claim of each member of the class.
Defendants argue that the refund statute is the only authorization for payment of tax refund, that this statute is “mandatory, exclusive and jurisdictional,” and that once a refund claim is filed and denied by the Director, jurisdiction lies in the Tax Court, pursuant to N.J.S.A. 54:39A-17. Defendants’ argument is based on the State’s sovereign immunity, and buttressed by those cases that hold that a taxpayer who makes a voluntary tax payment is not entitled to a refund of that payment unless he complies with specific provisions that permit a tax refund. In re Fees of State Bd. of Dentistry, 84 N.J. 582, 588, 423 A.2d 640 (1980).[4]
As defendants note, “In this state there has been no authoritative holding that statutory refund procedures are mandatory and exclusive, but there are strong suggestions in the decided cases that this is so.” See Commercial Refrigeration & Fixture Co. v. Taxation Div. Director, 184 N.J.Super. 387, 2 *188 N.J.Tax 415, 419, 446 A.2d 210 (Tax Ct.1981), and Silent Hoist & Crane Co., Inc. v. Taxation Div. Director, 100 N.J. 1, 13, 494 A.2d 775 (1985), cert. den., — U.S. -, 106 S.Ct. 409, 88 L.Ed. 2d 359 (1985).
The Legislature has provided an orderly procedure for making a claim for a tax refund. A taxpayer may contest an assessment by either (1) protest and review in the collecting agency and then appeal to the Tax Court, or (2) filing a claim for refund and contesting the Director’s denial in the Tax Court. Here, the first method is not available to plaintiffs and so they must comply with the second.
No purpose is served by requiring 25,000 separate refund claims and 25,000 separate denials by the Director. Class actions are permitted in order to avoid just this kind of duplication of claims where common questions of law and fact predominate over individual claims. See In re Cadillac V8-6-4 Class Action, 93 N.J. 412, 461 A.2d 736 (1983). Defendants concede that the four prerequisites of R. 4:32-l(a) have been met. The court in this action has determined that a class action is superior to other available means for the fair and efficient adjudication of the controversy as required by R. 4:32-l(b)(3).
Inasmuch as a class action is an appropriate means of dealing with decal fee-payers’ claims, I conclude that the class representatives may file a claim for refund on behalf of all of the members of the class. The claim shall be under oath and in such form as the Director may prescribe, and shall state the grounds therefor and the amount claimed on behalf of the entire class, for the purpose of satisfying the two-year time limitation of the refund statute without the necessity of naming individual claimants or setting forth the amount of individual claims. The Director may deny the class claim for refund, and his denial will be regarded as a denial of the refund claims of all members of the class who have not filed separate claims with the Director. In the event that plaintiffs are successful on the merits, a further order of the court will provide for a period of time within which each fee-payer in the class may set forth *189 the particulars of his claim and be entitled to a refund of fees paid based on the claim for refund filed by the class representative.[5]
Permitting the filing of a claim for refund in the action on behalf of the class is a practical way to deal with the procedural refund issue. The alternative, dismissing the “refund of taxes” portion of the complaint so that a fee-payer may file a claim for refund, have that claim denied by the Director and then file a complaint in the Tax Court as a class action would achieve the same result, but would impose an unnecessary burden on plaintiffs.
Having provided an alternative method for protection of the members of the class, I therefore deny plaintiffs’ motion for the creation of an escrow fund. Defendants’ motion to dismiss the refund portion of the complaint is also denied because defendants’ contention that there has been no claim for refund is moot as a result of the court’s action on plaintiffs’ escrow fund motion.
Defendants’ arguments raise the question of the Tax Court’s jurisdiction to entertain a declaratory judgment action to review the constitutionality of a tax statute. Defendants have argued that the Tax Court is granted exclusive jurisdiction to review denials of claims for refunds and to order refunds.[6] Defend *190 ants argue, however, that since there was no claim for refund prior to the filing of the complaint, this action is only a declaratory judgment action, not one to review a decision of the Director, and, therefore, it may only be maintained in the Superior Court. If defendants were to prevail in these arguments, the fee-payers would be faced with the burden of contesting the constitutionality of the statute in the Superior Court and then seeking refunds in the Tax Court. The jurisdiction question has been raised because the wording of the statute granting jurisdiction to the Tax Court speaks in terms of review of actions, including any act, action, proceeding, ruling, decision, order or judgment of the Director of the Division of Taxation. N.J.S.A. 2A:3A-4.1. In addition, the State Tax Uniform Procedure Law, N.J.S.A. 54:51A-13, provides that all complaints seeking review of actions of the Director of the Division of Taxation or any other state agency or officer, with respect to any tax matter, shall be filed and prosecuted in the Tax Court.
The present action contests the constitutionality of a tax statute and seeks tax refunds from the Director. It is contrary to the clear intent of the Legislature in establishing the Tax Court to hold that this is not the type of an action that could be heard by the Tax Court. The Uniform Declaratory Judgments Act provides that all courts of record in this state shall, within their respective jurisdictions, have the power to declare rights, status and other legal relations, whether or not further relief is or could be claimed. N.J.S.A. 2A:16-52.
The Tax Court is a court of record with jurisdiction to review tax matters. The Appellate Division of the Superior Court has held that the Tax Court has jurisdiction to entertain plaintiffs’ declaratory action contesting a regulation of the *191 Director. Exxon Corp. v. East Brunswick Tp., 5 N.J.Tax 216 (Tax Ct.1982), aff’d in part, rev’d in part 192 N.J.Super. 329, 337, 470 A.2d 5 (App.Div.1983), certif. den. 96 N.J. 312, 475 A.2d 601 (1984). The court in Weisbrod v. Springfield Tp., 1 N.J.Tax 583 (Tax Ct.1980), held that the Tax Court has jurisdiction to determine the constitutionality of a tax statute. Determination of constitutional issues within its subject matter jurisdiction is an inherent power of a court. 16 Am.Jur. 2d, Constitutional Law, § 150 at 521.
In the subject case, plaintiffs seek a declaratory judgment in advance of an action by the Director, which action would be within the jurisdiction of this court. The issue in this case relates to either the act of the Director in collecting the tax, which plaintiffs contend is unconstitutional, or anticipated acts of the Director in enforcing the collection of the tax. Since these acts are within the jurisdiction of the court, the court may entertain a declaratory judgment action as to them. The Tax Court statutes when read in pari materia with the Declaratory Judgment Act lead inexorably to this conclusion.
Plaintiffs’ counsel will submit an appropriate form of order in accordance with the five-day rule.

 This fee increase is one of the revenue sources for the Transportation Trust Fund. The purpose of the fund is to provide a stable funding source for repairs and improvements to the State's highway infrastructure.

 If the statute is held to be invalid, this number could be lower, depending on whether the statute is held to be facially unconstitutional or unconstitutional as applied.

 Defendant suggests that this wording, which bars a claim for refund if an appeal is filed, has as its purpose avoidance of parallel procedures which may extend the time to contest a denial as interdicted by the decision in Vicoa, Inc. v. Taxation Div. Director, 166 N.J.Super. 496, 400 A.2d 105 (App.Div.1979).

 While this case recites the “volunteer rule,” it finds that under the facts of the case the payment was made under duress, which removes it from the volunteer rule.

 Similar relief was granted in a class action seeking sales tax refund by the Court of Appeal, Second District, State of California in the case of Santa Barbara Optical Co., Inc. v. State Board of Equalization, 47 Cal.App.3d 244, 120 Cal.Rptr. 609 (Ct.App.1975), in which the Appellate Court, relied upon the California Supreme Court decision in San Jose v. Superior Court, 12 Cal.3d 447, 115 Cal.Rptr. 797, 525 P.2d 701 (Sup.Ct.1974) where the Supreme Court permitted a refund claim on behalf of the unnamed class even though the claim provision of the statute required specific identification of each claimant and claim amount.

 N.J.S.A. 54:51A-13 provides that all complaints seeking review of actions of the Director shall be prosecuted in accordance with N.J.S.A. 54:51A-16, which provides that “The appeal provided by this article shall be the exclusive remedy available to any taxpayer for review of an action of the Director of the Division of Taxation or any other State agency or officer with respect to any tax *190 matter____" Although the Superior Court is given broad general jurisdiction, the Constitution sanctions limitations on the jurisdiction of the Superior Court by authorizing the Legislature to establish "other courts of limited jurisdiction.” N.J. Const. (1947), Art. VI, § 1, par. 1.