PER CURIAM.
By our order of May 6, 1986 we granted defendants leave to appeal from the order of the Tax Court entered March 25, 1986 following Judge Lasser’s comprehensive opinion of February 19, 1986, reported at 8 N.J.Tax 181, insofar as the order permitted a single refund claim to be filed as set forth in the opinion. Subsequently, pursuant to R. 2:4-2(a) plaintiffs cross-appealed from the provisions of the order denying the establishment of an escrow. On June 13, 1986 we granted defendants’ motion to allow them to brief an additional issue challenging the jurisdiction of the Tax Court and dealt with by Judge Lasser in his opinion. We now affirm substantially for the reasons set forth by Judge Lasser in his reported opinion.
In reaching our result we have not overlooked the opinion of the Supreme Court in Continental Trailways v. Director, Div. of Motor, 102 N.J. 526, 545-550, 509 A.2d 769 (1986), dealing with procedures for tax refunds and decided after Judge Las *633 ser’s opinion was filed. While Continental undoubtedly emphasizes the need for adherence to statutory procedures for tax refunds, the case is distinguishable on its facts. There, the taxpayer filed a complaint on June 9, 1980 seeking a refund for taxes under a statute enacted in 1972 pursuant to which it had voluntarily made payments. Even though the court found the tax was unconstitutional, it denied a refund as there was no specific statutory authority requiring the refund. It pointed out that public policy discourages suits for refund of taxes as governments are entitled to presume that statutes are constitutional and should not be subject to substantial liabilities to refund taxes unconstitutionally collected. It also emphasized that the taxpayer had not paid the taxes under protest.
Here, unlike in Continental, the taxpayers acted promptly to challenge the tax after its enactment. As pointed out by Judge Lasser, the effective date of the amendment increasing the fee by $19 from $6 to $25 was July 10, 1984. The action was filed November 12, 1984.[1] Thus plaintiffs have surely not slept on their rights. Further, while defendants may presume that a statute is constitutional, here they knew of the challenge to it promptly after the enactment. We also point out that by a stipulation of February 27, 1985 the parties agreed as follows:
Plaintiffs having filed this action challenging the constitutionality of the increase in identification marker fees paid by certain truckers who are subject to the New Jersey Motor Fuels Use Tax, N.J.S.A. 54:39A-10, and plaintiffs being uncertain of their right to recover the fees should they prevail on the merits in this action and accordingly having indicated their intent to apply for preliminary injunctive relief, and the State having determined that the volunteer principle should not be invoked and that a remedy to recover the fees should be applicable to the extent that all or any portion of such fees are declared to be invalid, and both parties having determined that a stipulation with respect to this issue is preferable to an application for a preliminary injunction,
IT IS HEREBY STIPULATED AND AGREED that should plaintiffs ultimately prevail on the merits in this action, one of the remedies for the recovery *634 of taxes or fees improperly collected will be applicable and may be invoked by the plaintiffs, and it is
FURTHER AGREED that plaintiffs shall not seek preliminary injunctive relief in this matter.
In view of all these circumstances we do not think that the court should be grudging in affording plaintiffs a remedy.
Affirmed.

This date is given in plaintiffs’ brief and is not supported in the appendix. But defendants do not dispute the date and agreed at oral argument that plaintiffs had moved promptly.