NARAYANAN, J.T.C.
Plaintiff (“Labor Ready”) moves for summary judgment seeking declaratory relief from defendant’s notice that Labor Ready’s business activities would generally be subject to sales tax unless Labor Ready receives sales tax exemption certificates or the *610 services were nontaxable or non-enumerated. Labor Ready claims it provides temporary labor services, which is not an enumerated category of service subject to sales tax. Defendant (“Director”) opposes and cross-moves for summary judgment on grounds: (a) the complaint is premature since the Director has neither audited nor issued a final appealable determination against Labor Ready; (b) if the notice to Labor Ready is deemed a determination by the Director, then Labor Ready’s complaint is untimely since it was not filed within ninety days of the date of the notice; (c) facts of Labor Ready’s business activities need to be fully established therefore, summary judgment in its favor is inappropriate; and (d) based upon facts gathered in a prior litigation on the identical issue, Labor Ready provides taxable services, therefore, the Director’s summary judgment motion should be granted.
The court finds that the motion for declaratory relief is appropriate because the Director’s notice, which was sent only to Labor Ready based upon the Director’s review of Labor Ready’s documents received in the context of prior settled litigation involving the identical issue, creates a justiciable controversy between adverse parties. However, declaratory judgment based upon the parties’ respective summary judgment motions is inappropriate because material facts need to be established as to the nature of Labor Ready’s business activities after the 2008 calendar year. Therefore, both parties’ summary judgment motions are denied.

FACTS

Labor Ready is incorporated in the State of Washington, and operates nation-wide, including in New Jersey. It has sixteen branch office locations in our State. Labor Ready generally provides workers to its clients for purposes of perfonning services required by the clients. These workers usually perform manual labor on a temporary basis.
The workers are employees of Labor Ready. Labor Ready pays their wages and performs all the required payroll withholding obligations. Labor Ready’s invoices to its clients include these *611 payroll expenses. It, however, does not charge and collect sales tax from any of its clients.
For the period October 1, 2000 through September 30, 2004, the Director audited Labor Ready and issued a final determination in 2006 assessing Labor Ready about $5.6 million in tax, about $2.1 million in interest and about $350,000 in penalties. The determination found that Labor Ready “is a temporary services contractor” pursuant to an analysis of this term in an article published in the 1990 State Tax News, and therefore, provides taxable services. Labor Ready filed a timely complaint in the Tax Court challenging this determination.
After the parties filed summary judgment motions, which were denied, they settled the matter pursuant to the 2009 amnesty program whereby Labor Ready paid about $1.15 million. Under a separate confidential agreement, the parties settled their dispute for the tax period October 1, 2004 through December 31, 2008 on the same issue. The parties, however, did not concede their respective positions regarding the issue of whether Labor Ready’s activities were subject to sales tax for any tax period that was settled under either the amnesty program or the confidentiality agreement. And neither settlement addressed tax periods beyond December 31, 2008.
In a letter sent to Labor Ready dated August 13, 2009, the Division of Taxation (“Division”) noted that the parties had settled the 2006 Tax Court litigation and also for periods until December 31, 2008, during which the Division “undertook an extensive review of the services provided by” Labor Ready, based on the “client invoices ... provided to the Division.” After concluding that Labor Ready did not have an employer/employee relationship with the individuals who performed services for Labor Ready’s clients, the Division stated that “if the services performed are taxable services, Labor Ready is required to collect ... sales tax from its clients, based on the amount charged for the worker’s services, regardless of how calculated.” It then went on to elaborate its conclusion by enumerating the circumstances pertaining to taxability of Labor Ready’s activities, namely: (1) where an *612 enumerated service is performed directly for Labor Ready’s client, “tax must be charged” since there is no third-party involved; (2) where Labor Ready provides workers to a client, and the client uses the workers to perform a nontaxable or non-enumerated service, “tax is not due;” (3) where Labor Ready’s client uses Labor Ready’s worker to perform services “engaged in by Client’s own employees” for resale to a third party, then “a resale exemption may be claimed;” and (4) if Labor Ready’s worker performs taxable services for a contractor (e.g., snow removal), the services are taxable, however, if the worker is “acting as a subcontractor” or performing nontaxable services (e.g., assisting or helping a plumber), the “transactions are not subject to tax.” The Division concluded the letter by asking Labor Ready to “review these determinations and advise” if there were any questions. The Division copied its Assistant Director for Field Audit on the letter. FINDINGS
The Uniform Declaratory Judgments Act grants any court of this State “within” its “jurisdiction,” the “power to declare rights, status and other legal relations----” N.J.S.A. 2A:16-52. Indeed that statute bars an objection to any action on grounds “that a declaratory judgment is demanded.” Ibid. The Act, which is remedial in nature, is to be liberally construed and administered since its purpose “is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations.” N.J.S.A. 2A:16-51.
The Tax Court has jurisdiction to hear declaratory actions. American Trucking Ass’n, Inc. v. Kline, 8 N.J.Tax 181, 190-91 (Tax 1986), aff'd, 9 N.J.Tax 631 (App.Div.1987). A declaratory action questioning the propriety of imposing sales tax on a certain activity is proper provided there is a justiciable controversy, the party claiming the relief has standing, and there are no adequate or appropriate alternative remedies. Registrar & Transfer Co. v. Director, Div. of Taxation, 157 N.J.Super. 532, 538-43, 385 A.2d 268 (Ch.Div.1978), rev’d on other grounds, 166 N.J.Super. 75, 398 A.2d 1335 (App.Div.), certif. denied, 81 N.J. 63, 404 A.2d 1161 (1979).
*613 Labor Ready contends that it meets all the necessary factors for declaratory relief. It maintains that it is asking the court to interpret N.J.S.A. 54:32B-3(b) and find that since the statute does not enumerate “temporary help services” as a taxable service, and Labor Ready clearly provides such services, the Division’s August 2009 letter creates uncertainty as to Labor Ready’s obligations to collect such tax. Since the Division’s letter was after and a consequence of prior litigation (and settlement) between the same parties on the same issue, where neither conceded the taxability or otherwise of Labor Ready’s services, Labor Ready maintains that there is a real dispute and proper standing. Finally, it contends, it has no other remedy because there is no appealable final determination by the Director. Further, while there is no proposed or pending audit by the Director, Labor Ready contends it should not be required to adopt a wait- and-see approach and anticipate one sometime during the four or five year period from 2009 (which could impose significant assessments, interest and penalties), to have this issue resolved at that time by this court.
The Director counters that precisely because there has been no proposed or pending audit or assessment, and any ensuing final determination, and because the August 2009 letter was merely advisory, Labor Ready’s claim for declaratory relief is inappropriate. The Director claims that nowhere in the Division’s August 2009 letter did it express any “intent” to assess Labor Ready with sales tax. Indeed, the Director says, since the Division did and does not have the facts necessary for an audit, it could not have expressed such an intention. The Director argues that the Division may or may not audit Labor Ready, and that Labor Ready may or may not have changed its business operations in accordance with the Division’s August 2009 letter, therefore, Labor Ready’s present motion is predicated on hypothetical, non-existent or contingent facts.
There is no question that Labor Ready has standing to bring this action since the Division’s letter is addressed directly to Labor Ready and its business activities. Labor Ready and the Division are clearly adverse parties. It is undisputed that the *614 Sales Tax Act does not include “temporary services” or “temporary help services” as an enumerated, and thus, as a taxable service. The remaining issues are whether there is a justiciable controversy and whether Labor Ready must first exhaust administrative remedies, if the same are available.
The court finds that the August 2009 letter presents a justiciable controversy. In Exxon Corp. v. Township of East Brunswick, 192 N.J.Super. 329, 336, 470 A.2d 5 (App.Div.1983), certif. denied, 96 N.J. 312, 475 A.2d 601 (1984), the court found that a letter issued by the Director notifying local assessors, county boards of taxation and gasoline companies that all underground fuel storage tanks were to be assessed locally as real property, and a consequent letter from one of the county boards to its assessors to make an assessment accordingly, were “not final determinations within the Tax Court’s jurisdiction to review.” Rather, based upon the Division’s representation that its letter was an ‘“advisory opinion’” to assessors, pending the Division’s consideration of “ ‘whether a definitive policy regarding the taxability of underground fuel storage tanks should be reflected in a foi’mal regulation,’ ” the court ruled that the letter was simply “a policy announcement then still under consideration, [and] merely an advisory opinion rather than a final agency action.” 192 N.J.Super. at 336, 470 A.2d 5. Therefore, the Tax Court “lack[ed] jurisdiction to entertain the direct challenge to the letter of the Director and the directive of the ... County Board of Taxation.” Ibid[1]
Unlike the mass-notice in Exxon, supra, the Division, in Registrar & Transfer Co., supra, had “advised” only the taxpayer that it “intended to assess a sales tax against Registrar or its customers on charges imposed for the storage of’ certain stock certificates and other documents. 157 N.J.Super. at 537, 385 A.2d 268. *615 Treating the letter as a “forewarning,” the taxpayer filed a complaint for declaratory judgment that the Sales Tax statute did not apply to its services, which was the “storage of intangibles.” Ibid. After the complaint was filed, the Division made a formal assessment of sales tax, and the parties thereafter filed motions for summary judgment. Ibid. The Appellate Division agreed with the Tax Court that a declaratory action was proper “as a means of adjudicating its rights under the tax statute where there existed a bona fide controversy that had not yet reached the stage at which either party could have sought a coercive remedy.” 166 N.J.Super. at 78, 398 A.2d 1335. Moreover, although a formal assessment was subsequently made, since the matter involved a purely legal issue of statutory interpretation with no disputed facts, the court could decide the merits without resort to the doctrine of an exhaustion of administrative remedies. Id. at 78-79, 398 A.2d 1335.
Similarly, in Rutgers Univ. Legislative Affairs Council, Inc. v. Thompson, 12 N.J.Tax 642 (Tax 1992), the Tax Court ruled that a declaratory judgment action was appropriate to decide the validity of the Division’s position letter issued to the plaintiff. The action was initiated after the plaintiff had “requested an official ruling from the” Division whether on-campus students were eligible for homestead rebates. Id. at 647. The Division issued a written response of its “position” that the domicile requirement of the statute would bar such eligibility. Ibid. The court noted that it had jurisdiction because the complaint sought “review of an action, ruling or decision of the Director of the Division of Taxation.” Id. at 647 n. 2 (citing to former N.J.S.A. 2A:3A-4.1 (now codified at N.J.S.A. 2B:13-2); N.J.S.A. 2A:16-52; American Trucking, supra and Exxon, supra). See also Pressler, Current N.J. Court Rules, Comment 2.1 to R. 8:2(a) (2010) (court rules defining the Tax Court’s jurisdiction only clarifies but does not alter the statutory ambit in this regard).[2]
*616 The Division’s August 2009 letter to Labor Ready is very similar to the taxpayer-specific notices sent in Registrar & Transfer Co. and Rutgers. It was sent only to Labor Ready. It detailed and addressed only Labor Ready’s business activities. The analysis therein was based upon an “extensive review” of Labor Ready’s activities, as “set forth” in Labor Ready’s invoices (provided to the Division in the course of the prior litigation). The letter applied the provisions of the Sales Tax statute to Labor Ready’s activities, and concluded that “it is the Division’s position” that Labor Ready “is not in an employer/employee relationship with the workers” provided to Labor Ready’s clients, and to the extent the worker performs taxable services, Labor Ready “is required to collect” sales tax from its clients.[3] The letter then enumerated “the Division’s position” with respect to the circumstances under which Labor Ready provided services and explained Labor Ready’s obligations to ensure compliance with the Sales Tax statute (i.e., collect tax, or procure resale certificates). Included were instances of non-taxability, such as where Labor Ready provided nontaxable or non-enumerated services, or where Labor Ready’s worker is acting as a subeontraetor/subcontraetor’s assistant.[4]
*617 The court finds that the August 2009 letter evidences a bona fide dispute whether Labor Ready’s service of providing workers to perform services fall within the scope and intent of the Sales Tax statute, namely, whether the statute imposes a tax upon the services provided by a taxpayer entity (provision of worker/s) or upon the actual type service performed by each worker of the taxpayer. Therefore, there exists a justiciable controversy between adverse parties for purposes of a declaratory judgment.
The fact that there has been no audit for tax year 2009 and onwards does not eradicate or void the Division’s determinations in its letter.[5] The clear intent of the letter was that Labor Ready be on notice as to the Division’s position regarding Labor Ready’s services for future periods given that periods until December 2008 had been finalized through settlement with neither party conceding either’s position. The letter was authored by the Division’s Deputy Director, and was copied to the Division’s Assistant Director in charge of “Field Audit.” To argue that an audit may not occur, or at least not until almost four years from now (the statute of limitations for an audit) is belied by Division’s own argument that if Labor Ready has changed its business practices to accord with the directions of the Division’s August 2009 letter, then Labor Ready should not be concerned about an audit or its consequences. Thus, here, a threat of an audit by the Division is not so remote or purely hypothetical/speculative. Therefore, the Division’s letter provides the requisite justiciable controversy.
The remaining issue is whether there are alternate remedies available that would better address Labor Ready’s complaint. The exhaustion of remedies requirement in R. 4:69-5 is “a rule of practice designed to allow administrative bodies to perform their statutory functions in an orderly manner without preliminary interference from the courts.” Brunetti v. Borough of New
*618 Milford, 68 N.J. 576, 588, 350 A.2d 19 (1975). “[T]he strong policy in favor of exhaustion of administrative remedies applies” to requests for declaratory judgment. Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 139, 179 A.2d 729 (1962).
Courts depart from this policy on rare occasions, and then only when the interests of justice so demands. Thus, the “exhaustion of remedies will not be required where administrative review will be futile, where there is a need for prompt decision in the public interest, where the issues do not involve administrative expertise or discretion and only a question of law is involved and where irreparable harm will otherwise result from denial of immediate judicial relief.” Brunetti, supra, 68 N.J. at 589, 350 A..2d 19 (citations omitted). See also, Registrar & Transfer Co., supra, 166 N.J.Super. at 79, 398 A.2d 1335 (noting that “the absence of controverted facts and the lack of need for administrative expertise militate against imposing such substantial delay and expense upon the litigants” therefore by-passing administrative remedies was proper). In this connection,
[courts] are not particularly concerned with the label or description placed on the issue [that it is a question of law] but are concerned with underlying considerations such as the relative delay and expense, the necessity for taking evidence and making factual determinations thereon, the nature of the agency and the extent of judgment, discretion and expertise involved, and such other pertinent factors ... as may fairly serve to aid in determining whether, on balance, the interests of justice dictate the extraordinary course of by-passing the administrative remedies made available by the Legislature.
[Roadway Express, supra, 37 N.J. at 141,179 A.2d 729]
However, in the absence of an assessment or final determination of tax by the Director, there is no available meaningful administrative remedy. Registrar & Transfer Co., supra, 157 N.J.Super. at 543, 385 A.2d 268 (rejecting the exhaustion of administrative remedies argument because at the time the compliant was filed “there existed no final determination of the Division from which to appeal”). Moreover, where the Division’s letter indicates an intention to assess but there is “no assurance that the Division would follow through,” then there is “no administrative action ... [that is] forthcoming,” consequently, declaratory relief is proper. Id. at 545, 385 A.2d 268 (relying upon Carls v. Civil Serv. Comm’n, 31 *619 N.J.Super. 39, 42-43, 105 A.2d 874 (App.Div.1954) (“the Declaratory Judgments Law is applicable and appropriate in instances where there is no final decision or rule of an administrative agency which could be reviewed by an existing remedy”), aff'd, 17 N.J. 215, 111 A.2d 45 (1955)). In the absence of a final determination or assessment by the Director that triggers availability of an administrative review, declaratory relief is appropriate.[6]
The issue presented is whether Labor Ready’s activities are subject to sales tax. As such, it is a mixed question of law and fact because it has to be initially determined what exactly Labor Ready’s activities are, and then, whether those activities are taxable services as enumerated in the Sales Tax statute. Labor Ready maintains that its business activities are the provision of temporary help services to its clients, namely, providing a workforce or laborers to perform the services required by those clients. Since these services are non-enumerated, there can be no sales tax. The Director contends that, based on the facts adduced during the parties’ 2006 litigation, each type of service performed by Labor Ready’s individual worker for Labor Ready’s clients, to the extent taxable under the Sales Tax Act, renders Labor Ready liable for the same.
*620 Although both parties claim that summary judgment is appropriate, this is so only “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment ... as a matter of law.” R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29, 666 A.2d 146 (1995). Thus, when there are no disputed issues of fact, a trial is unnecessary. If the proofs provided for the motion in support of the facts would require a determination by a trier of fact, then the facts raise a genuine issue. R. 4:46-2(e). In this connection the court must consider (a) who has the burden of persuasion at trial; and (b) all legitimate inferences arising from the proofs provided in favor of the non-moving party. Ibid. Thus, if the opposing party makes a prima facie showing of a genuine dispute, summary judgment may not be appropriate.
Here, the Director maintains that he has “no basis to deny” all the facts asserted by Labor Ready with respect to its business activities, except to the extent they are “material facts” to be “determined by the court.” The Director also denies some of these assertions, and contends that the affidavits containing Labor Ready’s factual assertions cannot support Labor Ready’s summary judgment motion. Labor Ready contends that the Director’s motion for summary judgment asserts facts which pertained to tax years 2000-2004, the subject of the prior litigation, and as such, bears no relevance to the “taxability of Labor Ready’s current services.” Thus, the nature, extent and description of Labor Ready’s activities after 2008, are material facts in dispute. Additionally, the court requires a full understanding of the nature and activities of Labor Ready in order to decide whether the Director can properly impose a tax upon the services performed by each of Labor Ready’s individual worker or whether the statute (N.J.S.A. 54:32B-3(b)) addresses only the services provided by a taxpayer (here, Labor Ready). Therefore, the court denies the parties’ summary judgment motions.
Declaratory action is appropriate although the facts in this matter are not completely uncontroverted. The court is empow *621 ered to determine all facts necessary to decide this declaratory action. N.J.S.A. 2A:16-58 specifically provides that if the declaratory action “involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are determined” by the court in “which the proceeding is pending.” As noted by our Supreme Court, “[t]he reasoning that underlies this principle is quite simple. A declaratory judgment act merely provides a procedural device to accelerate the resolution of a dispute; the procedural device does not alter the substance of the dispute.” Ciba-Geigy Corp. v. Liberty Mut. Ins. Co., 149 N.J. 278, 302, 693 A.2d 844 (1997) (O’Hern, J. dissenting) (opining that the issue in that case merited a jury trial). Thus, a “legal dispute before a declaratory judgment action remains a legal dispute after the action commences.” Ibid. And it does not “change any substantive rights” or the “right[s]” of any litigant to the action. Ibid.
An Order will be entered by this court in accordance with this opinion, denying both parties’ motion for summary judgment.

 The taxability of the fuel tanks as contained in the Division's letter was subsequently incorporated into a formal regulation. The court ruled that the Tax Court had jurisdiction to review the regulation since it was a final determination of the Director, and due to compelling reasons the taxpayers did not have to exhaust available administrative remedies. Id. at 337-39, 693 A.2d 844.

 This holding in Rutgers effectively disposes of the Director's argument here that Labor Ready should have filed an appeal or administrative protest within ninety days, the statutory appeal period from the Director’s determination, and *616 its failure to do so deprives this court of subject-matter jurisdiction. Note that there is no statute of limitations for bringing an action for declaratory relief. Ballantym House Assocs. v. City of Newark, 269 N.J.Super. 322, 330, 635 A.2d 551 (App.Div.1993) ("the Declaratory Judgment Act, N.J.S.A. 2A:16-50 to -62, does not contain a statute of limitations, ... and is not ordinarily subject to a defense of laches.”).

 During oral argument, counsel for the Director stated that the letter erroneously labeled the relationship between Labor Ready and its workers, and it should read that there was an employer-employee relationship between them. However, no changes were made to the letter's substance or conclusion as to the taxability of Labor Ready’s activities.

 During oral argument, counsel for the Director asserted that the Division views Labor Ready as a temporary services contractor. The same position was asserted in the prior litigation, based upon a pronouncement in the 1990 State Tax News which differentiated the sales tax implications of an employment agency and a temporary service contractor. The Division’s position and determination in its August 2009 letter to Labor Ready echoed the article in the State Tax News.

 While there is nothing to prevent the Division from auditing tax year 2009 (since 2009 is now passed, or if Labor Ready is on a fiscal year basis, June 30, 2010, has passed), there is nothing requiring it to do so immediately since the statute of limitations for a sales tax audit is four years from the filing of the tax return, or at any time if no tax return is filed. N.J.S.A. 54:32B-27(b).

 Note that in deciding whether declaratory judgment is appropriate to determine whether a tax is unconstitutional on an as-applied basis, the courts have required the exhaustion of administrative remedies. See Roadway Express, supra, and Fred Depkin & Son, Inc. v. Director, Div. of Taxation, 114 N.J.Super. 279, 276 A.2d 161 (App.Div. 1971). However, in both these cases, the Division had issued assessments. In Roadway Express, the Division made an arbitrary assessment and thereafter filed a notice of tax lien. The taxpayer did not administratively protest the assessment but instead filed a complaint seeking declaratory relief. 37 N.J. at 137, 179 A.2d 729. And in Fred Depkin, the Division issued an arbitrary assessment after the taxpayer filed a complaint for declaratory relief from the notices sent by the Division that the taxpayer's sales of motor fuel were taxable. 114 N.J.Super. at 285, 276 A.2d 161. The court noted that the "[pjlaintiff’s contention that the act is unconstitutional as applied to it can best be evaluated after a careful examination of the true nature of the tax and the many detailed facts concerning plaintiffs activities and knowledge in connection with the fuel it sold....” Ibid. Here, there are no such assessments by the Division, nor is the statute’s constitutionality being challenged. Therefore, these cases do not prevent this court from deciding Labor Ready's complaint.